IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ICO, INC.; ICO, INC. DBA SPINCOTE PLASTIC COATING; ICO P&O, INC.; ICO POLYMERS NORTH AMERICA, INC.; WORLDWIDE GP, L.L.C.; SYLVIA GONZALES; HECTOR GONZALES, JR.; AND ALMA ALICIA GONZALES, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HECTOR GONAZLES, DECEASED, AND AS NEXT FRIEND OF ISAAC RUBEN GARCIA GONZALES, A MINOR CHILD, | § § § § § § § § § § § | _____ |
| Defendants. | § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

RLI Insurance Company ("RLI") hereby files this Original Complaint for Declaratory Judgment and respectfully shows the Court the matters set forth below:

## I.
## PARTIES

1. Plaintiff RLI is an Illinois corporation incorporated under the laws of the State of Illinois with its principal offices in Illinois, and is, therefore, a citizen of Illinois, as defined by 28 U.S.C. § 1332.

2. Defendant ICO, Inc. and ICO, Inc. d/b/a Spincote Plastic Coating ("ICO") is a Texas corporation with its principal place of business in Houston, Texas, and is accordingly a citizen of Texas, as defined by 28 U.S.C. § 1332. ICO may be served with process through its registered agent, C.T. Corporation System, at 350 North St. Paul St., Dallas, Texas 75201.

3.  Defendant ICO P&O, Inc. was a Delaware corporation with its original principal place of business in Wilmington, Delaware. Currently, the Texas Secretary of State indentifies ICO P&O, Inc. as having its principal place of business in Houston, Texas. Accordingly, ICO P&O, Inc. is either a citizen of Delaware or Texas under 28 U.S.C. § 1332. ICO P&O, Inc. may be served with process through its registered agent in Texas, Charlotte F. Ewart, 1811 Bering Drive, Suite 200, Houston, Texas 77057.

4.  Defendant ICO Polymers North America, Inc. is a New Jersey corporation with its principal place of business in Houston, Texas. ICO Polymers North America is accordingly a citizen of either New Jersey or Texas, as defined by 28 U.S.C. § 1332, and may be served with process through its registered agent, Charlotte F. Ewart, 1811 Bering Drive, Suite 200, Houston, Texas 77057.

5.  Defendant Worldwide GP, L.L.C. is a Delaware corporation with its principal place of business in Houston, Texas. Worldwide GP, L.L.C. is accordingly a citizen of either Delaware or Texas, as defined by 28 U.S.C. § 1332, and may be served with process through its registered agent, C.T. Corporation System, at 350 North St. Paul St., Dallas, Texas 75201.

6.  Defendant Sylvia Gonzales is a citizen of Texas. She may be served with process at 3822 N. Milkyway Avenue, Odessa, Texas 79764 or wherever she may be found.

7.  Defendant Hector Gonzales, Jr. is a citizen of Texas. He may be served with process at 3822 N. Milkyway Avenue, Odessa, Texas 79764 or wherever he may be found.

8.  Defendant Alma Alicia Gonzales, individually and as representative of the Estate of Hector Gonzales and as next friend of Isaac Ruben Garcia Gonzales, is a citizen of Texas. She may be served with process at 3822 N. Milkyway Avenue, Odessa, Texas 79764 or wherever she may be found.

## II.
## JURISDICTION AND VENUE

9. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

10. The Court also has jurisdiction over this declaratory judgment action pursuant to FED. R. CIV. P. 57 and 28 U.S.C. §2201. An actual and justiciable controversy exists between the parties. By this action, RLI seeks a declaration that it does not owe either a defense or indemnity to Defendants ICO, ICO P&O, Inc., ICO Polymers North America, Inc. and Worldwide GP, L.L.C. (collectively the "ICO Defendants") for claims filed by Sylvia Gonzales, Hector Gonzales, Jr., and Alma Alicia Gonzales, individually and as representative of the Estate of Hector Gonzales and as next friend of Isaac Ruben Garcia Gonzales (collectively the "Gonzales Plaintiffs") in a state court action pending in Harris County, Texas, and a declaration there is no coverage under the applicable RLI Policy for the damages being sought by the Gonzales Plaintiffs in that action.

11. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 because the ICO Defendants' principal place of business is in this District and Division, the underlying lawsuit is pending in this District and Division, and all defendants reside in Texas.

## III.
## FACTUAL BACKGROUND

The RLI Policy

12. RLI issued umbrella liability policy number OUL0002579 to named insured ICO, Inc. effective December 2, 1987 to December 2, 1988 (the "RLI Policy"). The limits of liability are $5 million each occurrence and aggregate excess of underlying insurance. It has been reported that the scheduled underlying Employers Liability insurance has been exhausted.

13. The provisions of the RLI Policy applicable to this dispute are set forth below.

14. The "Insuring Agreement" of the RLI Policy provides:

**I.  COVERAGE**

To indemnify the INSURED ULTIMATE NET LOSS, as defined hereinafter, in excess of RETAINED LIMIT, as herein stated, all sums which the INSURED shall be obligated to pay by reason of the liability imposed upon the INSURED by law or liability assumed by the INSURED under contract or agreement for damages and expenses, because of:

A. PERSONAL INJURY, as hereinafter defined; . . .

to which this policy applies, caused by an OCCURRENCE, as hereinafter defined, happening anywhere in the world.

15. As set forth below, the RLI Policy does not provide a duty to defend:

**IV.  DEFENSE – SETTLEMENT**

A. With respect to any OCCURRENCE not covered, as warranted, by the underlying policies listed in the Schedule of Underlying Insurance, whether collectible or not, or not covered by any other underlying insurance collectible by the INSURED, but covered by the terms and conditions of this policy, except for the RETAINED LIMIT stated in Item 3., I., B., of the Declarations, the COMPANY MAY:

1. defend any suit against the INSURED . . .

B. When underlying insurance, whether or not listed in the Schedule of Underlying Insurance, does apply to an OCCURRENCE, the COMPANY shall have no duty to pay defense, investigations, settlement or legal expenses covered by such insurance . . . .

*  *  *

**CONDITIONS**

I. **Underlying Insurance:** If underlying insurance applicable in any one OCCURRENCE is exhausted by payment of judgment or settlement on behalf of the INSURED, the COMPANY shall not be obligated to assume charge of the settlement or defense of any claim . . . .

16. The RLI Policy includes the following Pollution Exclusion Absolute Endorsement which operates to exclude coverage for the claims in the Underlying Lawsuit:

## POLLUTION EXCLUSION ABSOLUTE

In consideration of the premium paid and notwithstanding anything contained in this policy to the contrary, it is agreed as follows:

1) The Coverage afforded by this policy does not apply to:

   a. The contamination of any environment by pollutants that are introduced at any time, anywhere, in any way;

   b. Any bodily injury, personal injury, property damage, costs or other loss or damage arising out of such contamination, including, but not limited to, cleaning up, remedying or detoxifying such contamination, of;

   c. Payment for the investigation of defense of any loss, injury or damage or any cost, fine or penalty or for any expense or claim or suit related to any of the above.

2) As used in this Endorsement, the following terms will have the following meanings:

   a. "Contamination" means any unclean or unsafe or damaging or injurious or unhealthful condition arising out of the presence of pollutants, whether permanent or transient in any environment.

   b. "Environment" includes any person, any manmade object or feature, animals, crops and vegetation, land, bodies of water, underground water or water table supplies, air and any other feature of the earth or its atmosphere, whether or not altered, developed for cultivated, including, but not limited to any of the above, owned, controlled, or occupied by the insured.

   c. "Pollutants" means smoke, vapors, soot, fumes, acids, sounds, alkalis, chemicals, liquids, solids, gases, waste, including materials to be recycled, reconditioned or reclaimed, thermal pollutants, and all other irritants or contaminants.

17. The "Definitions" providing the specific meaning of words and phrases used in the RLI Policy that are relevant to the coverage issues include:

   E. **INSURED:**

   Each of the following is an INSURED to the extent set forth below:

(1) the NAMED INSURED, meaning the NAMED INSURED stated in Item 1 of the Declarations and any subsidiary, owned or controlled companies as now or hereafter constituted and of which prompt notice has been given to the COMPANY,

(2) any person (other than an employee of the NAMED INSURED) or organization while acting as real estate manager for the NAMED INSURED,

(3) any INSURED (not being the NAMED INSURED under this policy) included in the Schedule of Underlying Insurance, but not for broader coverage than is available to such INSURED under the scheduled underlying insurance,

***

H.   **OCCURRENCE:**

With respect to Coverage 1., A., PERSONAL INJURY . . . "OCCURRENCE" shall mean an accident or event including continuous repeated exposure to conditions, which results, during the Policy Period, in PERSONAL INJURY or PROPERTY DAMAGE neither expected nor intended from the standpoint of the INSURED. For the purpose of determining the limit of the COMPANY'S liability, all PERSONAL INJURY and PROPERTY DAMAGE arising out of the same general conditions shall be considered as arising out of one OCCURRENCE. . . .

I.   **PERSONAL INJURY:**

The term PERSONAL INJURY wherever used herein means:

(1)   bodily injury, sickness, disease, disability or shock, including death at any time resulting therefrom, mental anguish and mental injury, . . . .

L.   **ULTIMATE NET LOSS:**

Means the sums paid as damages in settlement of a claim or in satisfaction of a judgment for which the INSURED is legally liable after making deductions for all other recoveries, salvages and other insurances (whether recoverable or not) other than the underlying insurance and excess insurance purchased specifically to be in excess of this policy and also includes investigation, adjustment, appraisal, appeal and defense costs paid or incurred by the INSURED with respect to damages covered hereunder. "ULTIMATE NET LOSS" does not include (a) costs and expenses which an underlying insurer has paid or incurred or is obligated to pay to or on behalf of the INSURED, (b) office costs and expenses of the INSURED and salaries and expenses of employees of the INSURED, or (c) general retainer fees of counsel retained by the INSURED.

18. The RLI Policy also contains a Named Insured Endorsement defining the Named Insured to include: ICO Tubular Services; Universal Tubular Service, Inc.; Spinning Pipe Service DBA Universal Tubular Service; Spincote Plastic Coating Co.; Buck's Straightening, Inc.; Platte Rod & Pipe Co.; Universal Tubular Service of Corpus Christi; Rodco; Positive Seal Couplings; Spray Metal Coatings; Pipeliners, Inc.; Spinning Pipe Service Mobile Inspection; Rodco Inspection Services of California; and American Shotpenning Corporation.

The Underlying Lawsuit

19. The Gonzales Plaintiffs filed Plaintiffs' Original Petition ("Petition") against the ICO Defendants on or about July 14, 2009, in the lawsuit styled as *Alma Alicia Gonzales, Individually and as Representative of the Estate of Hector Gonzales, Deceased and as Next Friend of Isaac Ruben Garcia Gonzales, A Minor Child, and Sylvia Gonzales and Hector Gonzales, Jr. v. ICO, Inc. et al.*, Cause No. 2009-44365, in the 113th Judicial District Court, Harris County, Texas (the "Underlying Lawsuit"). A copy of the Petition is attached as Exhibit 1.

20. The Underlying Lawsuit seeks to recover exemplary and punitive damages from ICO for its alleged conscious disregard for the safety and welfare of its employee, Hector Gonzales, who was allegedly exposed to dangerous levels of silica dust from 1983 to 1988, while employed at ICO's Spincote facility.

21. Specifically, the Underlying Lawsuit alleges ICO was grossly negligent because it acted knowingly or intentionally and in conscious or reckless disregard of the rights and welfare of its workers when it knew that exposure to silica through sandblasting could cause silicosis, but failed to take action to protect its workers. The Underlying Lawsuit claims Hector Gonzales

endured years of pain, suffering and mental anguish due to the loss of his heath, and ultimately died on April 5, 2008 from respiratory failure caused by silicosis.

22.  The Underlying Lawsuit does not assert any specific allegation against Defendants ICO P&O, Inc., ICO Polymers North America, Inc., and Worldwide GP, LLC.

Request for Coverage

23.  By letter dated September 10, 2009, ICO forwarded a copy of the Petition in the Underlying Lawsuit to RLI and requested that RLI begin handling the suit on behalf of ICO, Inc. and ICO Worldwide, Inc.

24.  RLI is monitoring the Underlying Lawsuit under a complete reservation of rights.

25.  RLI files this lawsuit seeking a declaration that it has no obligation to defend or indemnify any of the ICO Defendants.

26.  The Gonzales Plaintiffs are named herein to ensure that any declaration of no coverage is binding on both the ICO Defendants and Gonzales Plaintiffs.

## IV.
## DECLARATORY JUDGMENT

27.  Plaintiff RLI incorporates by reference the allegations stated above.

28.  There is an actual and justiciable controversy because the scheduled underlying insurance has been exhausted.

29.  The RLI Policy does not provide a duty to defend.

30.  The RLI Policy also does not provide coverage for any of the claims asserted in the Underlying Lawsuit. Specifically, coverage is not afforded under the RLI Policy because the Pollution Exclusion Absolute Endorsement negates coverage.

31. The RLI Policy does not provide coverage for any ICO Defendant named in the Underlying Lawsuit who is not an insured under the RLI Policy, and to the extent there are no allegations of liability against any ICO Defendant named in the Underlying Lawsuit.

32. To the extent the Underlying Lawsuit includes claims for damages that are not a "personal injury" caused by an "occurrence," or includes claims for damages for "personal injury" that occurred prior to the inception or subsequent to the expiration of the RLI Policy, there is no coverage under the RLI Policy.

33. Therefore, Plaintiff RLI seeks a declaratory judgment by this Court that no coverage is provided by the RLI Policy for the claims asserted in the Underlying Lawsuit.

## V.
## PRAYER

WHEREFORE, for the foregoing reasons, RLI respectfully requests judgment against Defendants as follows:

1. A declaration that RLI has no obligation to defend the Underlying Lawsuit or provide indemnify for any judgment or settlement which is reached in the Underlying Lawsuit;

2. Costs of court, prejudgment and post-judgment interest as allowed by law; and

3. Such other and further relief as to which Plaintiff may show itself justly entitled.

Respectfully submitted,

_____
GREG K. WINSLETT
State Bar No. 21781900
TAMMY L. CLARY
State Bar No. 24001894
QUILLING, SELANDER, CUMMISKEY &
LOWNDS, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qsclpc.com
tclary@qsclpc.com

**ATTORNEYS FOR PLAINTIFF
RLI INSURANCE COMPANY**